[Civ. No. 1807.   Third Appellate District.—August 12, 1918.]

# E. W. DOUGHTY, as Trustee, etc., Appellant, v. FRANK MOORS et al., Respondents.

CORPORATIONS—ALLEGED FRAUDULENT DISPOSITION OF CORPORATE PROPERTY—PLEADING—INSUFFICIENT COMPLAINT.—In an action by the trustee in bankruptcy of a bankrupt corporation, alleging a fraudulent conspiracy, in the carrying out of which a purchaser of real and personal property from the corporation, shortly before the bankruptcy, applied two thousand dollars of the consideration which he had agreed to pay the corporation in satisfaction of a promissory note which he held and which was the individual obligation of the president of the corporation and his wife, guaranteed by a third person, the complaint fails to state a cause of action where it fails to disclose that damage resulted to the corporation or its creditors by reason of the transaction.

ID.—IMPROPER JOINDER OF DEFENDANTS.—In such action there was also an improper joinder of defendants.

APPEAL from a judgment of the Superior Court of Napa County.   Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Wallace Rutherford, U'Ren & Beard, and E. L. Webber, for Appellant.

George Clark, for Respondents.

HART, J.—A demurrer to the amended complaint filed in this action was sustained, and, plaintiff declining further to amend, judgment was entered in favor of defendants, from which judgment plaintiff prosecutes this appeal.

We have this day filed an opinion affirming the judgment in an action, Civil No. 1806, wherein the plaintiff here was plaintiff and Frank Moors, J. R. Clark, and C. W. Crouch were defendants.   (*Doughty* v. *Moors, ante,* p. 48, [175 Pac. 273].)   The allegations of the amended complaints in both actions are the same, except that in lieu of the averments in No. 1806 respecting an indebtedness to the James H. Goodman and Company Bank, the following is set forth in the case under review: "That, on said 19th day of June, 1915, and for

more than six months prior thereto, the defendants, C. W. Crouch and S. Grace Crouch, were indebted to the defendant, Frank Moors, in the sum of $2,000.00 upon a promissory note made and executed by them''; that, in April, 1915, ''the defendant, E. L. Armstrong, by an instrument in writing guaranteed the payment to said Frank Moors'' of said promissory note; that, on or about said nineteenth day of June, 1915, the defendants entered into an agreement whereby said Frank Moors canceled and surrendered to the defendants, Crouch, said promissory note and released the defendant, Armstrong, from his guaranty to pay said note, ''and all of said transactions were had for the purpose of enabling said Frank Moors to surrender to said C. W. Crouch and S. Grace Crouch their said promissory note in his favor as a part of and in part settlement of the purchase price to be paid by him for said real and personal property, and to enable said Frank Moors to apply said sum of $2,000.00 so due him towards a settlement of the amount he agreed to pay for said property.'' Judgment was prayed for the sum of two thousand dollars, the amount of said promissory note, and interest.

The demurrer to the amended complaint was similar to that filed in action Civil No. 1806.

This case was submitted for decision on the briefs filed in Civil No. 1806, *supra.* As stated, the above allegation makes the only difference between the two cases, so far as the complaint is concerned. The note which it is herein alleged was canceled by Moors as part of the consideration for the purchase of the corporation's property is, so far as the complaint shows, the individual note of Crouch and his wife, Armstrong being a guarantor of the payment of said note.

What we have said in Civil No. 1806 applies with equal pertinency and force to the instant case. It is obvious that the complaint does not show that the Crouches and Armstrong are liable to the corporation or the trustee, representing both the insolvent corporation and its creditors, for the debt or any part thereof which Moors may owe the corporation for the property bought by him from it. As is said in the opinion in Civil No. 1806 of the transaction therein considered, so it is to be said of the transaction upon which this action is based, that, while it may be assumed to be true that Crouch, his wife, Armstrong, and Moors were guilty of a conspiracy to defraud the corporation and its creditors, by the extinguishment of the

note in question here, out of money due from Moors to the corporation as the consideration for the sale to him (Moors) of the property of the corporation, yet there is nothing in the complaint disclosing that damage resulted to the corporation or the creditors thereof or to the plaintiff by reason of said transaction.   The obligation of Moors to pay his full indebtedness to the corporation created by his purchase of the property still exists, and, so far as the complaint shows to the contrary, he is or was, at the time of the commencement of this action, solvent and able to meet it.   It is very clear that his payment of the note referred to in the complaint, even if made under an agreement with the makers and the guarantor for the purpose of defrauding or with the fraudulent intent to deprive the corporation and its creditors of the sum required to extinguish the obligation, cannot have the effect of making the Crouches and Armstrong jointly with Moors or otherwise liable to the corporation or to the trustee in bankruptcy, who is vested with the legal title to all the insolvent corporation's assets, for the debt due from Moors to the corporation arising by reason of his purchase of the latter's property.   In other words, the fact that Moors might have paid the private debts of a stockholder of the corporation upon the agreement between him and such stockholder that such payment would release him to the extent thereof from his obligation to the corporation would not have the effect of binding the stockholder to said obligation, in the absence of an agreement to that effect by all the parties, including the corporation itself.   As to Moors, the complaint does not show that he has ever refused to pay the corporation or the trustee all that is due from him on the purchase price of the property.   But we have sufficiently stated our views of the situation as it is presented in the complaints in both actions in the opinion in Civil No. 1806.

We doubt not that the demurrer to the complaint in this action was properly sustained on the grounds that no cause of action is stated against any of the defendants and that there is an improper joinder of parties defendant.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.