[Civ. No. 1806.   Third Appellate District.—August 12, 1918.]

## E. W. DOUGHTY, as Trustee, etc., Appellant, v. FRANK MOORS et al., Respondents.

CORPORATIONS — RECOVERY OF PART OF PRICE OF SALE OF PROPERTY— PAYMENT OF PRIVATE DEBT OF STOCKHOLDER—PLEADING—INSUFFICIENT COMPLAINT.—In an action by the trustee of a bankrupt corporation against the purchaser of the real and personal property of the corporation and a stockholder, who, with his wife, owned all the stock, to recover a portion of the purchase price, which instead of being paid to the corporation was paid to a creditor of such stockholder under an agreement between the purchaser and stockholder that such payment might thus be made on account of the purchase price, the complaint fails to state a cause of action on the theory that the defendants conspired to defraud the creditors of the corporation, where it does not allege that the purchaser was insolvent or that demand had been made upon him for the full amount.

ID.—INJURY FROM CONSPIRACY—ESSENTIAL ALLEGATION.—In such action it is essential that the complaint allege that the corporation or its creditors suffered injury or damage as the result of the conspiracy.

ID.—MISJOINDER OF DEFENDANTS.—In such action it is improper to join the stockholder with the purchaser, as a party defendant.

APPEAL from a judgment of the Superior Court of Napa County.   Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Wallace Rutherford, U'Ren & Beard, and E. L. Webber, for Appellant.

George Clark, for Respondents.

HART, J.—A demurrer, interposed to plaintiff's amended complaint, was sustained, plaintiff declined further to amend, and judgment was entered in favor of defendants, from which judgment plaintiff appeals.

The allegations of the amended complaint are: That the Electric and Garage Company was a corporation; that C. W. Crouch "was the owner of a large majority of, and all but one of the issued and outstanding shares of the capital stock of," said corporation, "and he was its president and general man-

ager; that the remaining shares" stood upon the books of the corporation in the name of S. Grace Crouch, who was the secretary of said corporation and the wife of said C. W. Crouch; that on the 18th of October, 1915, certain creditors of the corporation filed, in the United States district court, a petition in involuntary bankruptcy, and that, on the 3d of January, 1916, said court made an order adjudging said corporation a bankrupt and referred the matter to the referee in bankruptcy; that on the fifteenth day of February, 1916, the creditors elected and appointed plaintiff as trustee of the estate of said corporation, which action was approved by the referee, and plaintiff duly qualified as such trustee. It is alleged that, on the nineteenth day of June, 1915, and for more than one year prior thereto, the corporation was the owner of certain real estate in the town of Calistoga, Napa County, and of certain personal property, consisting of machinery, tools, etc., used by the corporation in carrying on the business of an automobile repair-shop and garage; that said corporation, prior to the nineteenth day of June, 1915, entered into an agreement with said defendant, Frank Moors, whereby the corporation agreed to sell and said Moors agreed to buy said real and personal property for the sum of $9,192.93; that said Moors agreed to assume and pay a mortgage upon said real property amounting to $3,692.93 and to pay the balance of five thousand five hundred dollars in cash. "That on the 19th of June, 1915, and for more than six months prior thereto, the defendants, C. W. Crouch and J. R. Clark, were indebted to the James H. Goodman and Company Bank" of the city of Napa "in the sum of one thousand five hundred dollars"; that, on or about said date, "all of the defendants herein combined and conspired to defraud the Electric and Garage Company and to prevent" its creditors from collecting their claims, "in this: That, on or about said date, said Frank Moors, C. W. Crouch and J. R. Clark entered into an agreement whereby Frank Moors agreed to assume and pay to" said bank said sum of one thousand five hundred dollars "as part consideration to be paid for said real and personal property belonging to" said corporation, and said Moors did thereafter pay said sum to said bank; "that by reason of said agreements and the payment of said indebtedness, it was understood and agreed among said defendants that said Frank Moors would be released from the payment of one

thousand five hundred dollars in cash to said" corporation, "to fulfill his said agreement of the purchase of said property . . . " for the purpose of defrauding the creditors of the corporation "and to have the said indebtedness of J. R. Clark and C. W. Crouch paid and canceled with the proceeds of said real property so belonging to the" corporation; "that at the time said deed to said real property and the bill of sale of said personal property were delivered to said Frank Moors, said Moors, first, delivered to C. W. Crouch two checks aggregating the sum of $1,850; second, assumed and agreed to pay and thereafter did pay said note of one thousand five hundred dollars due by said C. W. Crouch and J. R. Clark; third, surrendered to C. W. Crouch and S. Grace Crouch their promissory note for two thousand dollars; and, fourth, assumed and agreed to pay the mortgage on said real property as and in fulfillment of his agreement to pay said sum of $9,192.93 for said real and personal property." It is next alleged: That, on or about the twenty-third day of June, 1915, the corporation executed and C. W. Crouch, as president and manager, delivered to the defendant, Moors, a deed to said real property and a bill of sale transferring said personal property, "and said defendant, Frank Moors, ever since has claimed to be the owner of said real and personal property; that said defendants, on or about said nineteenth day of June, 1915, and prior thereto, had reasonable cause to know and believe that the said" corporation "was insolvent, and had such knowledge thereof as would put a reasonable man upon inquiry"; that, by reason of the above stated facts, the corporation "was deprived of the sum of one thousand five hundred dollars which the said Frank Moors should have paid in cash" to said corporation as part of the consideration for said real and personal property, "and by reason of said transaction the creditors of said" corporation "have been deprived and defrauded of the said sum of one thousand five hundred dollars," and judgment was prayed for that amount.

The demurrer interposed to the amended complaint specified all the grounds allowed by the code, but respondents particularly rely upon the grounds of uncertainty and ambiguity, the improper joining of parties defendant, and the want of facts to constitute a cause of action.

The assumption upon which the action proceeds is that the sale of the corporation's property to Moors constituted a per-

fectly valid transaction—that is to say, that the sale was made in good faith and free from any element of fraud as against the corporation or its creditors or stockholders—and, therefore, the essential gist of the action is that the payment by Moors, as a part of the consideration for the purchase of the said property, of the private obligation of Crouch and Clark to the bank was the culmination of a fraudulent conspiracy between all three defendants to defraud the insolvent corporation and its creditors of so much of its assets as is represented by the amount so paid by Moors to the bank. But, assuming it to be true, as the complaint charges, that the transaction whereby the individual obligation of Crouch and Clark was extinguished by Moors out of the money due the corporation for the property sold by it to Moors was fraudulent or conceived and executed by the three defendants for the purpose of defrauding the corporation and its creditors, still it is clear that the complaint fails to state a cause of *actionable* fraud against the defendants.   There is no allegation showing that the corporation or its creditors suffered any injury or damage as the result of the alleged fraudulent act of the defendants.   The original contract—that is, the contract whereby Moors purchased the property of the corporation from the corporation itself—being in all respects valid, Moors is still indebted to the corporation for the unpaid balance of the purchase price of the property.   That fact, if it be a fact, that out of the money due the corporation from him for the property he paid the private debt of Crouch and Clark, upon an understanding and agreement between him and Crouch and Clark that he would thus be released from the payment to the corporation of the amount so paid, cannot have the effect of releasing him from the full payment to the corporation of the balance due on the purchase price of the property.   Indeed, the Crouches and Armstrong, not being parties to the contract of sale between Moors and the corporation, could not release Moors from any part of his obligation to the corporation.   This proposition is not disputed by the plaintiff.   Nor does the fact that Moors paid the individual obligation of Crouch and Clark out of the money he owed to the corporation, even though said transaction was initiated and carried out by the three defendants with the intent thus to defraud the corporation or its creditors of the sum of money so paid, make Crouch and Clark either jointly with Moors or otherwise liable to the corpora-

tion or its creditors for said money. As already suggested, to sustain the action as against the defendants upon the theory that the superseding agreement—that is, the agreement whereby Moors agreed to and did pay the individual debt of Crouch and Clark as a part of the consideration for the sale to and purchase by him of the corporation's property—was the result of a fraudulent conspiracy to deprive the corporation or its creditors of money belonging to it and constituting a part of the assets of the insolvent concern to which its creditors were entitled, it is necessary to show that the corporation or its creditors were damaged by that transaction, and, as stated, the complaint does not make such a showing. It is not alleged that Moors is himself insolvent, and that, therefore, the debt he owes to the corporation cannot be paid by him, or that the enforcement of its payment by him through the appropriate judicial proceeding cannot be had. And as to him it may be added that nowhere does the complaint allege that any demand upon him for the payment of the full amount of the balance he owes the corporation on the purchase price of the property was ever made or that he ever refused to pay the corporation all that was coming to it from him.

Our conclusion is that the complaint fails to state a cause of action against any of the defendants; that, at any rate, the defendants, Crouch and Clark, are improperly joined with Moors in the action, and that, therefore, the order sustaining the demurrer to the complaint cannot be disturbed.

The foregoing considerations are decisive of this appeal and render unnecessary consideration of other points made against the complaint upon the special grounds of uncertainty and ambiguity.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.